# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## SEPTEMBER SESSION, 1999

| | | |
|---|---|---|
| LARRY A. WADE, 01C01-9809-CR-00378 | ) | C.C.A. NO. |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON |
| COUNTY VS. | ) | |
| | ) | HON. SETH |
| NORMAN, STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FILED

November 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

RAYBURN McGOWAN, JR.
Washington Square Building
222 Second Avenue North
Suite 350M
Nashville, TN 37201

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

LISA NAYLOR
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

**REVERSED AND REMANDED**

**DAVID H. WELLES, JUDGE**

# OPINION

The Defendant, Larry Anthony Wade, Jr., appeals as of right from the trial court's dismissal of his petition for post-conviction relief. We reverse the order of the trial court and remand for findings of fact and conclusions of law as required by the legislature.

The Defendant pleaded guilty to and was convicted of one count of attempted second degree murder and one count of possession of more than .5 grams of cocaine with intent to sell or deliver. In exchange for his guilty pleas, he received concurrent twelve-year sentences as a Range I offender. In addition, other charges were dismissed.

The Defendant subsequently filed a pro se petition for post-conviction relief. The petition alleged that his conviction was the result of ineffective assistance of counsel and that his guilty pleas were unlawfully induced and not voluntarily entered. The petition alleged that his attorney failed to conduct any factual investigation of the case and failed to advise him of the consequences of his plea. An amended pro se petition, apparently filed at the same time the original petition was filed, alleged that Defendant's counsel told the Defendant if he did not accept the plea agreement in state court he would be indicted in federal court and therefore face more jail time. The amended petition alleged that counsel failed to interview witnesses and failed to obtain or listen to the tape recording made of the cocaine sale allegedly made by the Defendant.

The trial court appointed counsel to represent the Defendant during the post-conviction proceedings. An evidentiary hearing was conducted. At the evidentiary hearing, the Defendant testified that he was seventeen years old when he was charged with these offenses and that the charges were transferred

from juvenile court to criminal court. He testified that he told his attorney that the attempted murder charge "was a lie" and that he gave his attorney the names of witnesses concerning this charge but that his attorney never talked to any of the witnesses. He further testified that he wanted to go to trial but that his attorney would not let him. He testified that he did not have any choice but to plead guilty because his attorney made no investigation of his case. He said that his attorney told him if he did not plead guilty in state court, he would be prosecuted in federal court and receive a longer sentence.

The only other witness to testify at the post-conviction hearing was the Defendant's former attorney. The attorney testified that the Defendant did give him the names of witnesses, but the attorney could not recall whether he talked to any of those witnesses. The attorney also stated that he was aware that there was supposedly a tape recording of the drug transaction but that he did not think that he ever listened to that tape. He testified that investigating the case and preparing for trial basically "became moot" because he found out that the federal authorities were going to prosecute the Defendant. Because the attorney believed that his client would receive more time if prosecuted in federal court, he then attempted to negotiate a plea agreement which would include an agreement that his client would not be prosecuted in federal court. He said that all of this was thoroughly discussed with the Defendant. As a result of the negotiations, he testified that he believed the Defendant's guilty plea was knowing and voluntary.

The record on appeal contains no judgment or order of the trial court denying relief or dismissing the petition. At the conclusion of the evidentiary hearing, the post-conviction court made no oral findings of fact or conclusions of law other than observing that the convictions were the result of a plea bargain and stating,

> Mr. Funk [trial counsel] did an excellent job for this man. And then he didn't investigate the case because the man wanted to plead here so he wouldn't get all that court time in federal court. Now,

-3-

your man wants to say, oh, he didn't do a good job and I got too much time here.

Petition denied. Mr. Funk did an excellent job.

Without reaching the merits of this proceeding, we must remand this cause to the trial court for entry of a final order and for findings of fact and conclusions of law regarding each ground presented in the petition. Although it is apparent that the trial judge believed the plea agreement was favorable to the Defendant, the judge did not address the Defendant's assertions that his attorney's inadequate investigation and lack of preparation resulted in a guilty plea which was not voluntarily and understandingly given.

The Post-Conviction Procedure Act adopted by our legislature requires,

Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground.

Tenn. Code Ann. § 40-30-211(b) (emphasis added).

The statute is clear and unambiguous. Although the reasons for the statutory mandate seem apparent, this Court has noted that

[t]he duty to enter findings of fact and conclusions of law as to each ground alleged is mandatory as the appellate courts may only review the findings of the trial court. Not only do the trial court's findings facilitate appellate review, but, in many cases, are necessary for such review.

Ronald Bradford Waller v. State, No. 03C01-9702-CR-00054, 1998 WL 743654, at *6 (Tenn. Crim. App., Knoxville, Oct. 15, 1998) (citation omitted); see also Claude Francis Garrett v. State, No. 01C01-9807-CR-00294, 1999 WL 436828 (Tenn. Crim. App., Nashville, June 30, 1999); Steve E. Todd v. State, No. 01C01-9612-CR-00503, 1999 WL 30678 (Tenn. Crim. App., Nashville, Jan. 26, 1999); Joe L. Utley v. State, No. 01C01-9709-CR-00428, 1998 WL 846577 (Tenn. Crim. App., Nashville, Dec. 8, 1998).

-4-

This case is remanded for the purpose of permitting the trial court to enter its findings of facts and conclusions of law as to each ground alleged in the Defendant's petition. No further proof is necessary. Once the trial court enters its order, the Defendant may again appeal as of right, if he so desires.

Accordingly, the ruling of the trial court is reversed, and this case is remanded in order to permit the trial court to revisit the grounds raised by the Defendant in his original and amended petitions and, thereafter, enter findings of fact and conclusions of law as required by the Post-Conviction Act.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE